

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

_____

No. 07-22-00357-CV
_____

IN RE JAMES RIVER INSURANCE COMPANY, RELATOR

ORIGINAL PROCEEDING

July 10, 2023

MEMORANDUM OPINION

Before PARKER and DOSS and YARBROUGH, JJ.

Relator, James River Insurance Company, has filed a petition for writ of mandamus with this Court seeking an order directing Respondent, the Honorable William C. Sowder, to vacate his November 1, 2022 order denying James River's plea in abatement and to enter an order granting its requested relief. Real party in interest is the Lubbock Independent School District (LISD) which filed a response to James River's petition at our request. We conditionally grant James River's petition.

Today we issued our opinion and judgment in *In re Westchester Surplus Lines Insurance Company,* No. 07-22-00329-CV, ____ Tex. App. LEXIS ____ (Tex. App.—Amarillo July 10, 2023, orig. proceeding) (mem. op.) concluding that Respondent abused

his discretion by failing to abate the underlying suit. We determined LISD's April 2022 notice letters addressed to certain Insurers, including James River, under Texas Insurance Code section 542A.003 were deficient for three reasons: (1) failing to state the specific amount alleged to be owed by each insurer; (2) failing to articulate which of the two hail/windstorm events, or both, for which LISD is claiming an amount owed, and what is owed by each insurer; and (3) failing to identify the amount owed by excess insurers. For those reasons, we conditionally granted the writ of mandamus.

The present original proceeding arises out of the same occurrence made the basis of *In re Westchester*. Relator here, James River, is a defendant in LISD's underlying suit, and is one of LISD's excess liability carriers under layered insurance policies for the policy periods April 2019 to 2020, and from April 2020 to 2021.

James River contends LISD's notices fail to comply with Insurance Code section 542A.003 for two reasons: (1) because the notice did not specify any acts or omissions giving rise to a claim against James River and (2) because a specific amount of damages owed by James River was not stated. We conditionally grant mandamus relief for the same reasons as those articulated in *In re Westchester*.

**Notice of Acts or Omissions**

As we understand James River's interpretation of its policy with LISD, the duty of James River to indemnify under a covered claim does not arise until the specific amount alleged to be owed exceeded $50 million for the year of damage or loss. LISD does not contend otherwise. However, the notice letters from LISD's counsel do not state a fact-based and legal reason why James River "failed to adequately pay the claim so the

2

property could be fully repaired."[1]  We agree.  As we wrote in *Westchester*, "[a]n excess carrier's potential liability is only triggered after the primary insurers and all lower layers have exhausted their policy limits." __ 2023 Lexis at ____ (citing *Keck, Mahin & Cate v. Nat'l Union Fire Ins. Co. of Pitts.*, 20 S.W.3d 692, 700–01 (Tex. 2000); *St. Paul Mercury Ins. Co. v. Lexington Ins. Co.,* 78 F.3d 202, 209 (5th Cir. 1996)).  *See also Perrett v. Allstate Ins. Co.,* 354 F. Supp. 3d 755, 758 (S.D. Tex. 2018) (stating the notice requirement of section 542A.003 is satisfied by a notice containing "specific factual allegations supporting the causes of action, or at least enough information to imply those facts.").  Respondent abused his discretion by denying James River's plea in abatement.

**Specific Amount Allegedly Owed**

James River next argues LISD's correspondence did not afford sufficient notice of the specific amount James River allegedly owed on LISD's claim.  We agree, for the reasons articulated in *Westchester*.

## Conclusion

LISD's notice letters fail to comply with Texas Insurance Code section 542A.003. TEX. INS. CODE ANN. § 542A.003.  We therefore find that Respondent clearly abused his discretion and that James River possesses no adequate remedy by appeal.

We conditionally grant James River's petition for writ of mandamus.  We direct Respondent to set aside his November 1, 2022 order and render an order abating the

---

[1] "An excess liability insurer is not obligated to participate in the defense or settlement of an underlying claim until the primary policy limits are exhausted. . . .  The primary policy limits are exhausted when the primary carrier tenders its policy limits." *Am. Nat'l Fire Ins. Co. v. Hammer Trucking, Inc.,* No. 02-04-00327-CV, 2006 Tex. App. LEXIS 9774, at *12 n.24 (Tex. App.—Fort Worth Nov. 9, 2006, pet. denied) (mem. op.) (citing *Keck, Mahin & Cate v. Nat'l Union Fire Ins. Co.,* 20 S.W.3d 692, 700–01 (Tex. 2000)).

underlying suit until the 60th day after the date a notice complying with section 542A.003 is given.  We are confident Respondent will comply, and our writ will issue only if Respondent fails to comply within fifteen days of this memorandum opinion.


Lawrence M. Doss
Justice

4